57  353
69  582

THE STATE, DAVID J. FARROW, PROSECUTOR, v. LENA SPRINGER.

The action of a magistrate in issuing a warrant commonly called a search warrant, upon complaint, will not be questioned or reviewed by *certiorari.*

Argued at February Term, 1894, before Justices DEPUE, MAGIE and REED.

For the prosecutor, *John W. Wartman.*

The opinion of the court was delivered by

MAGIE, J. Prosecutor seeks by this writ to procure a review of the act of a police justice in the city of Camden in issuing a warrant commonly called a search warrant, upon a complaint made under oath to him.

He alleges various insufficiencies in the complaint and errors and omissions in the warrant.

Proceedings whereby stolen goods may be searched for, and, if found, seized and placed in official custody, have been known to the criminal law from a very early period. Notwithstanding some doubts expressed by Lord Coke as to their

legality (4 *Inst.* 176), the practice of issuing search warrants for stolen goods has been recognized and approved in innumerable cases, and by all other text-writers, as within the lawful powers of magistrates acting as conservators of the peace. 2 *Hale P. C.* 113; *Burn Just., tit. "Search Warrants;"* 1 *Chit. Crim. L.* 64; 1 *Bish. Cr. Pro.,* § 665; *Cooley Const. L.* *300; 21 *Am. & Eng. Encycl. L.* 958; *Boyd* v. *United States,* 116 *U. S.* 616; *Entick* v. *Carrington,* 11 *Harg. St. Tr.* 321.

Such proceedings are of a criminal nature. The warrant can issue only upon complaint on oath, and it commands the officer to whom it is directed that if the stolen goods described are, upon the search, found, to bring them and the person in whose custody they were found before the magistrate. Upon its return the magistrate is to examine the matter; if it appears the goods were not stolen, the person in whose custody they were found is to be discharged and the goods redelivered. But if it appears that the goods were stolen they are to be deposited with some officer, so that the party robbed may, by indicting and convicting the offender, have restitution of them, and the person in whose custody they were is to be held to answer if he appears to have been criminally connected with the theft. 2 *Hale P. C.* 150.

The proceeding differs from the ordinary complaint warrant, examination and commitment, used to bring accused criminals to answer, in no respect except that it gives authority and direction for the search of suspected places described for certain stolen goods.

Will this court, by the writ of *certiorari*, stay a magistrate's proceedings in such a case and review his action in issuing a warrant upon a sworn complaint? If it can do so it is conceived that the writ will lie to review any warrant for assault and battery, or larceny or other crime charged on oath, and the complaints and warrants which by our criminal procedure are to be laid before the grand jury, will be thus drawn into this court. For there is no perceptible difference between the violation of a man's liberty by his arrest on a criminal charge and the violation of his right of property by

a search for goods, the possession of which has been obtained by crime. There is no ground of distinction which would justify a review in one case that would not justify it in another.

Doubtless, this court may, by this writ, review the actions of inferior courts of all kinds. It was an ancient practice of the King's Bench to remove by *certiorari* into that court indictments found in the sessions. 1 *Chit. Crim. L.* 371. Such has always been the practice of this court, and the practice is regulated by statute. *Rev., p.* 98. When indictments are thus removed, the defendant is brought before this court, and proceedings thereon may be continued to a final determination, although, by more recent legislation, the proceedings may be remanded to the court from which they came, and to be there prosecuted.

But my search has not disclosed any trace of the use of the writ of *certiorari* to remove the warrants of magistrates in criminal cases, or the proceedings thereunder, prior to the finding of an indictment, and the writ is then obviously used, not for the purpose of review, but to remove the record with the object of proceeding upon it in this court.

In my judgment, the earlier use of the writ is opposed to settled rules. When thus issued, there exists no final determination to be reviewed, and the proceeding cannot be pursued in this court.

In *Hoxsey* v. *Woodruff*, 10 *Vroom* 72, this court declared the rule to be that the writ of *certiorari* could not properly be used to remove for review steps in a procedure preliminary to final decision, except where the court issuing the writ could continue the proceeding to completion. In the Court of Errors (*Hoxsey* v. *Woodruff*, 10 *Id.* 489), this rule was declared not to have universal force, and it was held not to apply to writs of *certiorari* the object of which was to review municipal action.

The rule has been applied to proceedings of associations and of military courts. *Elder* v. *District Medical Society,* 6 *Vroom* 200 ; *Watson* v. *Medical Society,* 9 *Id.* 377 ; *Drake*

.v. *Plume*, 15 *Id.* 362.  It was also held applicable to sum-
mary proceedings under the Vice and Immorality act.   *Stokes*
v. *Early*, 16 *Id.* 478.   In *Mowery* v. *Camden*, 20 *Id.* 106, it.
was held that a *certiorari* might issue to bring up the action
of a special tribunal proceeding summarily in a matter over-
which it had not acquired jurisdiction, but the learned judge
who pronounced the opinion pointed out that in this state
such a writ was deemed appropriate in criminal matters only
when the object was to remove a cause to be continued in this.
court.

My conclusion is that a *certiorari* ought not to be allowed'
to bring up a warrant of a magistrate issued upon a complaint
of a criminal nature.   The determination to issue the warrant
is not a final determination of the matter put in litigation by
such a complaint.   Nor can that matter be pursued in this.
court, at that stage of the proceeding, but only before the
grand jury of the proper county.

If such a warrant has been issued by a magistrate in a
matter neither really nor colorably within his jurisdiction, the
person aggrieved thereby may recover damages from him in a.
civil action.   *Grove* v. *Vanduyne*, 15 *Vroom* 654.

If the matter be colorably within his jurisdiction, the-
person affected by his action must await the action of the
grand jury upon the complaint which gives color to the
jurisdiction.

The result is that this writ should be dismissed, and no.
opinion will be expressed as to the sufficiency of the com--
plaint or the correctness of the warrant.