WILLIAM H. WOOLLEY, PROSECUTOR, v. SIDNEY BELL.

Submitted March 23, 1903—Decided June 8, 1903.

The Court for the Trial of Small Causes has jurisdiction of a suit for a penalty under chapter 210 of the laws of 1902 (*Pamph. L., p.* 661), and a writ of *certiorari* will not lie to remove the proceedings before final judgment.

On *certiorari.*

Before Justices DIXON, GARRISON and SWAYZE.

For the prosecutor, *Aaron E. Johnston.*

For the defendant, *Luther Shafer.*

The opinion of the court was delivered by

SWAYZE, J.   This action was brought before a justice of the peace to recover three penalties for alleged violations of the act to prevent the unlawful use of and willful injury to milk cans, approved April 9th, 1902.   The summons was tested December 29th, 1902, and was returnable January 9th, 1903.   The writ of *certiorari* was allowed January 7th and served January 8th.

The subject-matter of this suit was within the jurisdiction of the justice.   The act provides that the penalty shall be recovered by an action, to be styled "An action in contract for a penalty," in any court of this state having cognizance thereof.   The penalties sued for are within the amount to which the jurisdiction given justices of the peace is limited, and the Justice's Court had cognizance of the suit.   The objections made by the prosecutor are directed to the state of demand.   If these objections are valid, we must assume that the justice would have proceeded thereon in accordance with law, if the case had been tried before him.   In such a case as this the writ of *certiorari* is used as a substitute for the writ of error.   It is well settled that in cases where the writ of

*certiorari* serves as a substitute for a writ of error, and where the inferior tribunal has jurisdiction, a writ of *certiorari* will not lie before final judgment below. *Hinchman* v. *Cook, Spenc.* 271. The matter is discussed in *Mowery* v. *Camden,* 20 *Vroom* 106. In that case the writ was sustained because the ordinance required proof by affidavit of the violation of its provisions. The affidavit was the foundation of the magistrate's jurisdiction, and as it failed to show a violation of the ordinance the magistrate was without jurisdiction.

In *Farrow* v. *Springer,* 28 *Vroom* 353, the earlier cases are collected.

In *Potter* v. *Fritz,* 25 *Vroom* 436, a *certiorari* to a District Court before final judgment was dismissed.

The writ in this case, having been issued before final judgment in the court below, must be dismissed, with costs.

The same judgment must be entered in the second suit between the same parties.